22-CV- 145 BJR-DWC



FILED
LODGED
RECEIVED

FEB 03 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

AO 241 (Rev. 9/17)

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Seattle Western |
|---|---|

| Name (under which you were convicted): | BY | Docket or Case No.: |
| Nancy Lynn Tomlin | | 10-1-10150-7 SEA |

| Place of Confinement : | MAILING ADDRESS | Prisoner No.: |
| 11625 77th Ave South | 15280 PINE DR. | |
| Seattle, WA 98178  Now out of prison | RENTON, WA. 98058 | |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Nancy Lynn Tomlin    v. | State of Washington |

| The Attorney General of the State of: |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    1. Washington State Supreme Court, Review Denied

    2. Court of Appeals Div. One, Review Denied #83123-2-1

    3. Superior Court 7.5 Motion, for New Trial Denied

    (b) Criminal docket or case number (if you know):   King County Superior Court

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:   05/03/2013

3.  Length of sentence:   Here in Appendix A-1 - Seven Years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   One count of "Rape of a child in the First Degree.

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   I plead not guilty but was found guilty by a judge at trial.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☑ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8.  Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   Washington Court of Appeal Div. One

(b) Docket or case number (if you know):   83123-2-1

(c) Result:   Was Denied

(d) Date of result (if you know):   09/21/2021

(e) Citation to the case (if you know):   Armstrong vs. Monzo, 380 U.S. 545

(f) Grounds raised:   Arraignment, that petitioner never has an arraignment in her case which violates the Sixth Amendment, the right to a fair trial.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Washington Supreme Court

(2) Docket or case number (if you know):   Case #100421-4

(3) Result:   Review was denied.  See Appendix B-1 and C-1

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

(4) Date of result (if you know):  01/12/2022

(5) Citation to the case (if you know):

(6) Grounds raised:  Same, that Petitioner's Rights of Due Process were violated by the

State not allowing the petitioner to have an opportunity to receive an arraignment under

C.r.R. 4.7.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:  Court of Appeal, Div. One Washington

(2) Docket or case number (if you know):  83123-2-1

(3) Date of filing (if you know):  November of 2021

(4) Nature of the proceeding:  Personal Restraint Petition

(5) Grounds raised:  The violation of petitioner's Sixth Amendment, the right to have an

arraignment under C.r.R. 4.7.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result:  No Supreme Court Review

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

(8) Date of result (if you know):     01/12/2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     No, I did not.

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:     No, I did not.

(5) Grounds raised:     No, I did not.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:     No, I did not.

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☑ No

(7) Result:    No

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:  ☑ Yes   ☐ No

    (2) Second petition:  ☑ Yes   ☐ No

    (3) Third petition:  ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

   Yes I did.  See Appendix A-1 and B-1.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Grounds for Relief

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Issue One:  Right to arraignment.  C.R.R. 4.1 under the Fifth Amendment, do all citizens have a constitutional

right, if charged with a crime, to be arraigned on such crime?

Arguments in Issue One:  Yes, from the start of this case, King County Superior Court case #10-1-10150-7 SEA

State of Washington vs. Nancy Lynn Tomlin, there are some ten (10) constitutional provisions bluntly outright

disregard for law and/or "civil rights" of the petitioner.  Rights to stand trial under our Sixth Amendment. See:

Armstrong vs. Monzo.  All citizens must be afforded due process before being deprived of life, liberty or property.

(b) If you did not exhaust your state remedies on Ground One, explain why:   Yes, I did exhaust all my State remedies.

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   This is newly discovered evidence that

my new legal team just recently discovered.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   In a personal restraint petition.

Name and location of the court where the motion or petition was filed:   Washington Court of Appeal, Div. One

Docket or case number (if you know):   83123-2-1

Date of the court's decision:   01/12/2022

Result (attach a copy of the court's opinion or order, if available):   See Appendix D-1, The Court's Opinion.

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   See: Appendix B-1 and Appendix C-1 Petition

Docket or case number (if you know):   100421-4

Date of the court's decision:   01/12/2022

Result (attach a copy of the court's opinion or order, if available):   See: Appendix B-1 and Appendix C-1

Petitions

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

See: Petitions herein

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _I have exhausted all of my State remedies. I'm praying this court will give me relief._

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

None

(b) If you did not exhaust your state remedies on Ground Two, explain why: _None_

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☐ No

(2) If you did _not_ raise this issue in your direct appeal, explain why: _None_

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _None_

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):  Only one issue. _____

_____

_____

(3) Did you receive a hearing on your motion or petition?           ❑  Yes     ❑  No

(4) Did you appeal from the denial of your motion or petition?      ❑  Yes     ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❑  Yes     ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):  Only one issue. _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

 Only one issue. _____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:**     No. Only one issue.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:   Only one issue.

_____

_____
_____
_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   _____
_____
_____
_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Only one issue.

Name and location of the court where the motion or petition was filed:   _____
_____

Docket or case number (if you know):   _____

Date of the court's decision:   _____

Result (attach a copy of the court's opinion or order, if available):   _____
_____
_____

(3) Did you receive a hearing on your motion or petition?        ☐ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes        ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ☐ Yes        ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Only one issue.
_____

Docket or case number (if you know):   _____

Date of the court's decision:   _____

Result (attach a copy of the court's opinion or order, if available):   _____
_____
_____
_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Only have one issue.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Only have one issue.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:  Washington State Court of Appeals

Div. One

Docket or case number (if you know):  83123-2-1

Date of the court's decision:  01/12/2022

Result (attach a copy of the court's opinion or order, if available):  See: Appendix B-1 and Appendix C-1

All levels of State appeals

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Court of Appeals Div. One

Washington State Supreme Court

Docket or case number (if you know):  100421-4

Date of the court's decision:  01/12/2022

Result (attach a copy of the court's opinion or order, if available):  Here in Attachment in Appendix D-1

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The issue was yes raised.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:  None

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☑ Yes        ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:   All have been presented.

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        All grounds have been presented.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.   No none

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?        ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    No none

Nancy Lynn Tomlin
28 U.S.C. 2254

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:   Not sure.  See Judgement and Sentence

    (b) At arraignment and plea:   Kevin McCare, Bar #28821, State of Washington

    (c) At trial:     Kevin McCare, Bar #28821, State of Washington

    (d) At sentencing:   Kevin McCare, Bar #28821, State of Washington

    (e) On appeal:   Not sure

    (f) In any post-conviction proceeding:   None

    (g) On appeal from any ruling against you in a post-conviction proceeding:   None.  I'm now Pro-Se.

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☑ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    No none.

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:   No none.

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☑ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    Based on factors that this is newly discovered evidence that was not available or aware of at the time of direct appeal.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Overturn this case and remand the case for a new

trial, or dismiss whole case based on factors that there was never an arraignment.

or any other relief to which petitioner may be entitled.

_Signature of Attorney (if any)_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   January 28th   (month, date, year).

Executed (signed) on   _1-28-2022_   (date).

**J.R.'s LEGAL SERVICES**
**15280 Pine Drive**
**Renton, WA 98058**
206-718-8203

_Signature of Petitioner_

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Nancy Lynn Tomlin
28 U.S.C. 2254

FILED

2013 MAY -3  PM 12: 10

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

HIV:

COPY TO COUNTY JAIL MAY - 3 2013

**SUPERIOR COURT OF WASHINGTON FOR KING COUNTY**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-1-10150-7 SEA |
| | ) | |
| Vs. | ) | **JUDGMENT AND SENTENCE** |
| | ) | **FELONY  (FJS)** |
| NANCY LYNN TOMLIN | ) | |
| | ) | |
| Defendant, | ) | |

APPENDIX A-1

## I. HEARING

I.1  The defendant, the defendant's lawyer, Kevin McCabe, and the deputy prosecuting attorney were present at the sentencing hearing conducted today. Others present were: _Maria Lee (advocate)_

## II. FINDINGS

There being no reason why judgment should not be pronounced, the court finds:

2.1  **CURRENT OFFENSE(S):** The defendant was found guilty on 04/17/2013 by bench trial of:

Count No.: I _____  Crime: Rape of a Child in the First Degree _____
RCW 9A.44.073 _____  Crime Code: 01064 _____
Date of Crime: 11/24/2010 _____  Incident No. _____

Count No.: _____  Crime: _____
RCW _____  Crime Code: _____
Date of Crime: _____  Incident No. _____

Count No.: _____  Crime: _____
RCW _____  Crime Code: _____
Date of Crime: _____  Incident No. _____

Count No.: _____  Crime: _____
RCW _____  Crime Code: _____
Date of Crime: _____  Incident No. _____

[  ]  Additional current offenses are attached in **Appendix A**

Rev. 5/2012 - hjb

1

**SPECIAL VERDICT or FINDING(S):**

(a) [ ] While armed with a **firearm** in count(s) _____ · RCW 9.94A.533(3).

(b) [ ] While armed with a **deadly weapon** other than a firearm in count(s) _____ RCW 9.94A.533(4).

(c) [ ] With a **sexual motivation** in count(s) _____ RCW 9.94A.835.

(d) [ ] A **V.U.C.S.A** offense committed in a **protected zone** in count(s) _____ RCW 69.50.435.

(e) [ ] **Vehicular homicide** [ ]Violent traffic offense   [ ]DUI  [ ] Reckless  [ ]Disregard.

(f) [ ] **Vehicular homicide** by DUI with _____ prior conviction(s) for offense(s) defined in RCW 46.61.5055, RCW 9.94A.533(7).

(g) [ ] **Non-parental kidnapping** or unlawful imprisonment with a minor victim. RCW 9A.44.128, .130.

(h) [ ] **Domestic violence** as defined in RCW 10.99.020 was pled and proved for count(s)_____.

(i) [ ] Current offenses **encompassing the same criminal conduct** in this cause are count(s)_____ RCW 9.94A.589(1)(a).

(j) [ ] **Aggravating circumstances** as to count(s) _____ : _____
_____
_____

**2.2  OTHER CURRENT CONVICTION(S):** Other current convictions listed under different cause numbers used in calculating the  offender score are (list offense and cause number): _____
_____

**2.3  CRIMINAL HISTORY:** Prior convictions constituting criminal history for purposes of calculating the offender score are (RCW 9.94A.525):

[ ] Criminal history is attached in **Appendix B.**

[ ] One point added for offense(s) committed while under community placement for count(s) _____

**2.4  SENTENCING DATA:**

| Sentencing Data | Offender Score | Seriousness Level | Standard Range | Enhancement | Total Standard Range | Maximum Term |
|---|---|---|---|---|---|---|
| Count I | 0 | XII | 93 to 123 | | 93 to 123 Months | Life and/or $50,000 |

[ ] Additional current offense sentencing data is attached in **Appendix C.**

**2.5  EXCEPTIONAL SENTENCE**

[ ] Findings of Fact and Conclusions of Law as to sentence above the standard range:

  **Finding of Fact:**  The jury found or the defendant stipulated to aggravating circumstances as to Count(s)_____

  **Conclusion of Law:**  These aggravating circumstances constitute substantial and compelling reasons that justify a sentence above the standard range for Count(s) _____.  [ ] The court would impose the same sentence on the basis of any one of the aggravating circumstances.

[ ] An exceptional sentence above the standard range is imposed pursuant to RCW 9.94A.535(2) (including free crimes or the stipulation of the defendant).  Findings of Fact and Conclusions of Law are attached in Appendix D.

[ ] An exceptional sentence below the standard range is imposed.  Findings of Fact and Conclusions of Law are attached in Appendix D.

The State [ ] did [ ] did not recommend a similar sentence (RCW 9.94A.480(4)).

### III.  JUDGMENT

IT IS ADJUDGED that defendant is guilty of the current offenses set forth in Section 2.1 above and Appendix A.

[ ] The Court DISMISSES Count(s) _____

Rev. 5/2012                                        2

## IV. ORDER

IT IS ORDERED that the defendant serve the determinate sentence and abide by the other terms set forth below.

**4.1 RESTITUTION, VICTIM ASSESSMENT, AND DNA FEE:**
　　[ ] Defendant shall pay restitution to the Clerk of this Court as set forth in attached **Appendix E**.
　　[ ] Defendant shall not pay restitution because the Court finds that extraordinary circumstances exist, and the
　　　　court, pursuant to RCW 9.94A.753(5), sets forth those circumstances in attached Appendix E.
　　[X] Restitution to be determined at future restitution hearing on (Date) _____ at _____ __m.
　　　　[X] Date to be set.
　　　　[ ] Defendant waives right to be present at future restitution hearing(s).
　　[ ] Restitution is not ordered.

　　**Defendant shall pay Victim Penalty Assessment in the amount of $500 (RCW 7.68.035 - mandatory).**
　　**Defendant shall pay DNA collection fee in the amount of $100 (RCW 43.43.7541 - mandatory).**

**4.2 OTHER FINANCIAL OBLIGATIONS:** Having considered the defendant's present and likely future
financial resources, the Court concludes that the defendant has the present or likely future ability to pay the
financial obligations imposed. The Court waives financial obligation(s) that are checked below because the
defendant lacks the present and future ability to pay them. Defendant shall pay the following to the Clerk of this
Court:
　　(a) [ ] $_____, Court costs (RCW 9.94A.030, RCW 10.01.160); [X] Court costs are waived;

　　(b) [ ] $_____, Recoupment for attorney's fees to King County Public Defense Programs
　　　　　　(RCW 9.94A.030); [X] Recoupment is waived;

　　(c) [ ] $_____, Fine ; [ ] $1,000, Fine for VUCSA [ ] $2,000, Fine for subsequent VUCSA
　　　　　　(RCW 69.50.430); [X] VUCSA fine waived;

　　(d) [ ] $_____, King County Interlocal Drug Fund (RCW 9.94A.030);
　　　　　　[X] Drug Fund payment is waived;

　　(e) [ ] $_____, $100 State Crime Laboratory Fee (RCW 43.43.690); [X] Laboratory fee waived;

　　(f) [ ] $_____, Incarceration costs (RCW 9.94A.760(2)); [X] Incarceration costs waived;

　　(g) [ ] $_____, Other costs for: _____.

**4.3 PAYMENT SCHEDULE:** The **TOTAL FINANCIAL OBLIGATION** set in this order is $ 600 + restitution if any
Restitution may be added in the future.  The payments shall be made to the King County Superior Court Clerk
according to the rules of the Clerk and the following terms: [ ] Not less than $_____ per month;
[X] On a schedule established by the defendant's Community Corrections Officer or Department of Judicial
Administration (DJA) Collections Officer.  Financial obligations shall bear interest pursuant to RCW 10.82.090.
**The Defendant shall remain under the Court's jurisdiction to assure payment of financial obligations:**
**for crimes committed before 7/1/2000, for up to ten years from the date of sentence or release from total**
**confinement, whichever is later; for crimes committed on or after 7/1/2000, until the obligation is**
**completely satisfied.**  Pursuant to RCW 9.94A.7602, if the defendant is more than 30 days past due in
payments, a notice of payroll deduction may be issued without further notice to the offender. Pursuant to RCW
9.94A.760(7)(b), the defendant shall report as directed by DJA and provide financial information as requested.
　　[ ] Court Clerk's trust fees are waived.
　　[ ] Interest is waived except with respect to restitution.

Rev. 5/2012　　　　　　　　　　　　　　　3

4.4  The defendant, having been convicted of a **FELONY SEX OFFENSE**, is sentenced to the following:

(a) **DETERMINATE SENTENCE** : Defendant is sentenced to a term of confinement in the custody of the
    [  ] King County Jail [  ] King County **Work/Education Release** (subject to conditions of conduct ordered
    this date) [  ] **Department of Corrections**, as follows, commencing: [  ] immediately;
    [  ] Date: _____ by _____ a.m. / p.m.

_____ months/days on count _____;  _____ months/days on count _____;  _____ months/days on count _____;

_____ months/days on count _____;  _____ months/days on count _____;  _____ months/days on count _____;

    **ALTERNATIVE CONVERSION - RCW 9.94A.680 (LESS THAN ONE YEAR ONLY):**
    _____ days of total confinement are hereby converted to:
    [  ] _____ days/ hours **community restitution** (for nonviolent offense) under the supervision of the
    Department of Corrections to be completed: [  ] on a schedule established by the defendant's Community
    Corrections Officer; or [  ] as follows: _____. If the defendant is not
    supervised by the Department of Corrections, this will be monitored by the Helping Hands Program.
    [  ] Alternative conversion was not used because: [  ] Defendant's criminal history, [  ] Defendant's
    failure to appear, [  ] Other:_____.

    [  ] **COMMUNITY CUSTODY for FAILURE TO REGISTER AS A SEX OFFENDER** under RCW
    9A.44.130(11)(a) committed on or after 6-7-2006 as to Counts _____ is ordered pursuant to
    RCW 9.94A.545(2) and RCW 9.94A.715 for [  ] 36 months [  ]_____ months (applicable mandatory
    term reduced so that the total amount of incarceration and community custody does not exceed the
    maximum term of sentence).
        **APPENDIX H, Community Custody conditions, is attached and incorporated herein.**

    [  ] **COMMUNITY CUSTODY (CONFINEMENT LESS THAN ONE YEAR except for Failure to
    Register as a Sex Offender under RCW 9A.44.130(11)(a) committed on or after 6-7-06) as to Counts
    _____**, for crimes committed on or after 7-1-2000, is ordered for a period of 12 months. The
    defendant shall report to the Department of Corrections within 72 hours of this date or of his/her release if
    now in custody; shall comply with all the rules, regulations and conditions of the Department for
    supervision of offenders; shall comply with all affirmative acts required to monitor compliance; and shall
    otherwise comply with terms set forth in this sentence. Sanctions and punishments for non-compliance will
    be imposed by the Department of Corrections or the court.
        [  ] **APPENDIX ____: Additional Conditions are attached and incorporated herein.**

    [  ] **COMMUNITY CUSTODY (CONFINEMENT OVER ONE YEAR) as to Counts _____;**
    pursuant to RCW 9.94A.700, for **qualifying crimes committed before 6-6-1996**, is ordered for 24 months
    or for the period of earned early release awarded pursuant to RCW 9.94A.728, whichever is longer, up to
    36 months. Sanctions and punishments for non-compliance will be imposed by the Department of
    Corrections or the court.
        **APPENDIX H, Community Custody conditions, is attached and incorporated herein.**

    [  ] **COMMUNITY CUSTODY (CONFINEMENT OVER ONE YEAR) as to Counts _____**
    pursuant to RCW 9.94A.715 for qualifying crimes (non RCW 9.94A.507 offenses) is ordered for [  ] 36
    months [  ]_____ months (applicable mandatory term reduced so that the total amount of incarceration
    and community custody does not exceed the maximum term of sentence). Sanctions and punishments for
    non-compliance will be imposed by the Department of Corrections or the court.
        **APPENDIX H, Community Custody conditions, is attached and incorporated herein.**

Rev. 5/2012

(b) **INDETERMINATE SENTENCE – QUALIFYING SEX OFFENSES occurring after 9-1-2001:**
The Court having found that the defendant is subject to sentencing under RCW 9.94A.507, the defendant is sentenced to a term of total confinement in the custody of the **Department of Corrections** as follows, commencing: [X] immediately; [ ](Date): _____ by _____ .m.

Count __1__ : Minimum Term: __93__ (months/days; Maximum Term: _____ years/life;

Count _____: Minimum Term: _____ months/days; Maximum Term: _____ years/life;

Count _____: Minimum Term: _____ months/days; Maximum Term: _____ years/life;

Count _____: Minimum Term: _____ months/days; Maximum Term: _____ years/life.

[X] **COMMUNITY CUSTODY:** pursuant to RCW 9.94A.507 for qualifying **SEX OFFENSES committed on or after September 1, 2001**, is ordered for any period of time the defendant is released from total confinement before the expiration of the maximum sentence as set forth above. Sanctions and punishments for non-compliance will be imposed by the Department of Corrections or by the court.
**APPENDIX H: Community Custody conditions, is attached and incorporated herein.**

## 4.5 ADDITIONAL CONDITIONS OF SENTENCE

The above terms for counts _____ are [ ] consecutive [ ] concurrent.

The above terms shall run [ ] consecutive [ ] concurrent to cause No.(s) _____

The above terms shall run [ ] consecutive [ ] concurrent to any previously imposed sentence not referred to in this order.

[ ] In addition to the above term(s) the court imposes the following mandatory terms of confinement for any special **WEAPON** finding(s) in section 2.1:_____

which term(s) shall run consecutive with each other and with all base term(s) above and terms in any other cause. (For crimes committed after 6-10-1998.)

[ ] The enhancement term(s) for any special **WEAPON** findings in section 2.1 is/are included within the term(s) imposed above. (For crimes before 6-11-1998 only, per In Re Charles)

[ ] In addition to the above term(s) the court imposes the following mandatory terms of confinement for any **SEXUAL MOTIVATION** finding(s) in section 2.1:_____

which term(s) shall run consecutive with each other and with all base term(s) above.

The **TOTAL** of all terms imposed in this cause is _____93_____ months.

**Credit** is given for time served in King County Jail or EHD solely for confinement under this cause number pursuant to RCW 9.94A.505(6): [ ] _____ day(s) or [X] days determined by the King County Jail.
[ ] Jail term is satisfied and defendant shall be released under this cause.

## 4.6 NO CONTACT: For the maximum term of __life__ years, defendant shall have no contact, direct or indirect, in person, in writing, by telephone, or through third parties with: __N.A.S.__

[X] Any minors without supervision of a responsible adult who has knowledge of this conviction and permission of CCO and treatment provider, Defendant may have contact with her biological son pursuant to any ___ imposed under the dependency.

4.7 **DNA TESTING:** The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing, as ordered in **APPENDIX G.**

☒ **HIV TESTING:** The defendant shall submit to HIV testing as ordered in **APPENDIX G.** RCW 70.24.340.

4.8 **SEX OFFENDER REGISTRATION:**
The defendant shall register as a sex offender as ordered in **APPENDIX J.**

4.9 [  ] **ARMED CRIME COMPLIANCE, RCW 9.94A.475, .480.** The State's plea/sentencing agreement is [  ] attached [  ] as follows:

_____

_____

**The defendant shall report to an assigned Community Corrections Officer within 72 hours of release from confinement for monitoring of the remaining terms of this sentence.**

Date: 5/3/17

JUDGE
Print Name:   MICHAEL J. TRICKEY

Presented by:                                      Approved as to form:

_____          _____
Deputy Prosecuting Attorney, WSBA# 37209    Attorney for Defendant, WSBA# 28821
Print Name: Vincent Richey              Print Name: Kevin McCabe

Rev. 5/2012                                   6

# F I N G E R P R I N T S



RIGHT HAND
FINGERPRINTS OF:

DEFENDANT'S SIGNATURE:

DEFENDANT'S ADDRESS:

6511 36th Ave S.W. Seattle, WA 98126

NANCY LYNN TOMLIN

DATED: 5/3/17

ATTESTED BY: BARBARA MINER,
SUPERIOR COURT CLERK

BY:

DEPUTY CLERK

JUDGE, KING COUNTY SUPERIOR COURT
MICHAEL J. TRICKEY

CERTIFICATE

I, _____,
CLERK OF THIS COURT, CERTIFY THAT
THE ABOVE IS A TRUE COPY OF THE
JUDGEMENT AND SENTENCE IN THIS
ACTION ON RECORD IN MY OFFICE.
DATED: _____

_____
            CLERK

BY: _____
        DEPUTY CLERK

OFFENDER IDENTIFICATION

S.I.D. NO.

DOB: JANUARY 22, 1978

SEX: F

RACE: B

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-1-10150-7 SEA |
| | ) | |
| vs. | ) | APPENDIX G |
| | ) | ORDER FOR BIOLOGICAL TESTING |
| NANCY LYNN TOMLIN | ) | AND COUNSELING |
| | ) | |
| Defendant, | ) | |
| | ) | |

**(1)   DNA IDENTIFICATION (RCW 43.43.754):**

The Court orders the defendant to cooperate with the King County Department of Adult Detention, King County Sheriff's Office, and/or the State Department of Corrections in providing a biological sample for DNA identification analysis. The defendant, if out of custody, shall promptly call the King County Jail at 296-1226 between 8:00 a.m. and 1:00 p.m., to make arrangements for the test to be conducted within 15 days.

**(2)   ☒ HIV TESTING AND COUNSELING (RCW 70.24.340):**

(Required for defendant convicted of sexual offense, drug offense associated with the use of hypodermic needles, or prostitution related offense.)

The Court orders the defendant contact the Seattle-King County Health Department and participate in human immunodeficiency virus (HIV) testing and counseling in accordance with Chapter 70.24 RCW. The defendant, if out of custody, shall promptly call Seattle-King County Health Department at 205-7837 to make arrangements for the test to be conducted within 30 days.

If (2) is checked, two independent biological samples shall be taken.

Date: 1/3/17

JUDGE, King County Superior Court

MICHAEL J. TRICKEY

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,        )
                                     )
                  Plaintiff,  )   No. 10-1-10150-7 SEA
                                     )
        vs.                  )   JUDGMENT AND SENTENCE
                                   )   APPENDIX H - SEX OFFENSES
NANCY LYNN TOMLIN        )   COMMUNITY CUSTODY
                                   )
                           Defendant.  )

## STANDARD CONDITIONS

The Defendant shall comply with the following conditions of community custody, effective as of the date of sentencing unless otherwise ordered by the court.

1. Report to and be available for contact with the assigned community corrections officer as directed;
2. Work at Department of Corrections-approved education, employment, and/or community restitution;
3. Not possess or consume controlled substances except pursuant to lawfully issued prescriptions;
4. Pay supervision fees as determined by the Department of Corrections;
5. Receive prior approval for living arrangements and residence location;
6. *Not own, use, or possess a firearm or ammunition. (RCW 9.94A.706);*
7. Notify community corrections officer of any change in address or employment;
8. Upon request of the Department of Correction, notify the Department of court-ordered treatment; and

9. Remain within geographic boundaries, as set forth in writing by the Department of Correction Officer or as ... ... ... ... ... have contact with SODA order.

## SPECIAL CONDITIONS - SEX OFFENSES

RCW 9.94A.703 & .704

Defendant shall:

1. Obey all municipal, county, state, tribal, and federal laws;
2. Indeterminate Sentences: Abide by any Washington State Department of Corrections (DOC) conditions imposed (RCW 9.94A.704);
3. Have no direct or indirect contact with the victim(s) of this offense;
4. Within 30 days of release from confinement (or sentencing, if no confinement is ... ... evaluation with a State-certified therapist approved by the Community ... ... ... through with all recommendations of the evaluator. Should ... ... ... ...

Appendix H – Sex Offenses, p. 2

13. Be available for and submit to urinalysis and/or breathanalysis upon the request of the CCO and/or the chemical dependency treatment provider.
14. Submit to and be available for polygraph examination as directed to monitor compliance with conditions of supervision.
15. Register as a Sex Offender with sheriffs office in the county of residence as required by law.

**Additional <u>Crime-Related Prohibitions</u>:** (the condition <u>must be related</u> to the crime being sentenced)
**<u>Offenses Involving Minors</u> -**
16. [✓] Have no direct and/or indirect contact with minors.
17. [   ] Do not hold any position of authority or trust involving minors.
18. [   ] Do not enter any parks/playgrounds/schools and or any places where minors congregate.

**<u>Offenses Involving Alcohol/Controlled Substances</u> -**
19. [   ] Do not purchase or possess alcohol.
20. [   ] Do not enter drug areas as defined by court or CCO.
21. [   ] Do not enter any bars/taverns/lounges or other places where alcohol is the primary source of business. This includes casinos and or any location which requires you to be over 21 years of age.
22. [   ] Obtain [   ] alcohol [   ] chemical dependency evaluation upon referral and follow through with all recommendations of the evaluator. Should chemical dependency treatment be recommended, enter treatment and abide by all program rules, regulations and requirements. Sign all necessary releases of information and complete the recommended programming.

**<u>Offenses Involving Computers, Phones or Social Media</u> -**
23. [   ] No internet access or use, including email, without the prior approval of the supervising CCO.
24. [   ] No use of a computer, phone, or computer-related device with access to the Internet or on-line computer service except as necessary for employment purposes (including job searches). The CCO is permitted to make random searches of any computer, phone or computer-related device to which the defendant has access to monitor compliance with this condition.

**<u>Offenses Involving Mental Health Issues</u> -**
25. [   ] Obtain a mental health evaluation upon referral and follow through with all recommendations of the evaluator, including taking medication as prescribed. Should mental health treatment be recommended, enter treatment and abide by all program rules, regulations and requirements. Sign all necessary releases of information and complete the recommended programming.

_____

_____
_____
_____

Other conditions may be imposed by the court or Department during community custody.

Community Custody shall begin upon completion of the term(s) of confinement imposed herein, or at the time of sentencing if no term of confinement is ordered. The defendant shall remain under the supervision of the Department of Corrections and follow explicitly the instructions and conditions established by that agency. The Department may require the defendant to perform affirmative acts deemed appropriate to monitor compliance with the conditions and may issue warrants and/or detain defendants who violate a condition.

Date: ___5 / 3 / 13___

_____
JUDGE

MICHAEL J. TRICKEY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| Plaintiff, | ) | No. 10-1-10150-7 SEA |
| vs. | ) | |
| | ) | APPENDIX J |
| NANCY LYNN TOMLIN | ) | JUDGMENT AND SENTENCE |
| | ) | SEX/ KIDNAPPING OFFENDER NOTICE OF |
| Defendant, | ) | REGISTRATION REQUIREMENTS |

**SEX AND KIDNAPPING OFFENDER REGISTRATION.** RCW 9A.44.130, RCW 9A.44.140, Laws of 2010, ch. 267, sec. 1-7., RCW 10.01.200. You are required to register your complete residential address with the sheriff of the county where you reside, because you have been convicted of one of the following sex or kidnapping offenses: *Child Molestation 1, 2 or 3; Commercial Sexual Abuse of a Minor (formerly Patronizing a Juvenile Prostitute); Communication with a Minor for Immoral Purposes; Criminal Trespass against Children; Custodial Sexual Misconduct 1; Dealing in Depictions of a Minor Engaged in Sexually Explicit Conduct 1 or 2; Failure to Register as a Sex Offender; Incest 1 or 2; Indecent Liberties; Kidnapping 1 or 2 (if victim is a minor and offender is not the minor's parent); Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct 1 or 2 ; Promoting Commercial Sexual Abuse of a Minor; Promoting Travel for Commercial Sexual Abuse of a Minor; Rape 1, 2, or 3; Rape of a Child 1, 2, or 3; Sending, Bringing Into State Depictions of a Minor Engaged in Sexually Explicit Conduct 1 or 2; Sexual Exploitation of a Minor; Sexual Misconduct With A Minor 1; Unlawful Imprisonment (if victim is a minor and offender is not the minor's parent); Viewing Depictions of a Minor Engaged in Sexually Explicit Conduct 1 or 2; Voyeurism; any gross misdemeanor that is under RCW 9A.28, a criminal attempt, criminal solicitation, or criminal conspiracy to commit an offense that is classified as a sex offense under RCW 9.94A.030 or RCW 9A.44.130 or a kidnapping offense under 9A.44.130; or any felony with a finding of sexual motivation (RCW 9.94A.835 or RCW 13.40.135).*

If you are out of custody, you must register within 3 business days of being sentenced.

If you are in custody, you must register within 3 business days from the time of your release.

If you change your residence within a county, you must provide, by certified mail, with return receipt requested, or in person, signed written notice of your change of residence to the county sheriff within 3 business days of moving.

If you change your residence to a new county within this state, you must register with the sheriff of the county of your new residence within 3 business days of moving. In addition, you must provide, by certified mail, with return receipt requested, or in person, signed written notice of your change of address to the sheriff of the county where you last registered within 3 business days of moving.

If you plan to attend or work at a public or private school or institution of higher education in Washington, you are required to notify the county sheriff for the county of your residence within 3 business days prior to arriving at the school to work or attend classes.

If you lack a fixed residence, you are required to register as homeless. You must also report in person to the sheriff of the county where you registered on a weekly basis. You must keep an accurate accounting of where you stay during the week and provide it to the county sheriff upon request. If you are under DOC supervision and lack a fixed residence, you must register in the county where you are being supervised. If you enter a different county and stay there for more than 24 hours, you will be required to register in the new county within 3 business days.

If you leave the state following your sentencing or release from custody but later move back to Washington, you must register within 3 business days after returning to this state.

If you move to a new state, you must register with the new state within 3 business days after establishing residence. You must also send written notice, within 3 business days of moving to the new state, to the county sheriff with whom you last registered in Washington State.

If you are not a resident of Washington, but attend school, are employed, or carry on a vocation in the State of Washington, you must register with the county sheriff for the county where your school, place of employment, or vocation is located.

Your duty to register does not end until you have obtained a court order specifically relieving you of the duty to register or you have been informed in writing by the sheriff's office that your duty to register has ended. Your duty to register DOES NOT end when your DOC supervision ends.

The King County Sheriff's Office sex offender registration desk is located on the first floor of the King County Courthouse- 516 3rd Avenue, Seattle, WA.

Failure to comply with registration requirements is a criminal offense.

Copy Received:

_Decline_ _____
Defendant

Date _5/3/11_

_[signature]_ _____
JUDGE

**MICHAEL J. TRICKEY**

APPENDIX J   Rev 6/10/2010
Distribution:
Original/White - Clerk
Yellow - Prosecutor
Pink - King County Jail
Goldenrod - Defendant

10

1
2
3
4
5
6
7

**COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE**

8

9   In the Matter of the Application                     )
    For Release from Personal Restraint        )   **KING COUNTY #10-1-10150-7-SEA**
10  of:                                                        )
                                                              )   **PERSONAL RESTRAINT PETITION**
11                                                            )   **PURSUANT TO (RAP 16.3)**
    NANCY LYNN TOMLIN,                        )
12      Petitioner                                           )
                                                              )
13  _____ )

14  If there is not enough room on this form, use the back of these pages, or other paper. Fill
    out all of this form and other papers you are attaching before you sign this form in front
15  of a Notary.

16                          A. <u>STATUS OF PETITIONER</u>

17                          NANCY LYNN TOMLIN

18          _____
                                (Full name and address)

19

20  apply for relief from confinement. I am ☐  am not ☒ now in custody serving a sentence
    upon conviction of a crime. (If not serving a sentence upon conviction of a crime) I am now
21  in custody because of the following type of court order:

22          See:  Appendix A-1, Judgment and Sentence

23
                                (Identify type of order)

24          1.  The Court in which I was sentenced was King County Superior Court, State of
    Washington.
25

26

27

28

**PERSONAL RESTRAINT PETITION PURSUANT TO (RAP 16.3) — Page 1 of 4**

2.   I was convicted of the crime(s) of: Rape of a child in the first degree

3.   I was sentenced after trial ☑, after plea of guilty ☐ None 4/17/2013
                                                 Judgement & Sentence

     The judge who imposed the sentence was:  Michael J. Trickey
                                               (Name of trial court judge)

4.   My lawyer at trial court was: Kevin McCare
                              (Name & address if known; if none, write "none")

5.   I did ☑ did not ☐ appeal from the decision of the trial court (if the answer

is that I did), I appealed to: Direct Appeal
                                (Name of court or courts to which appeal was taken)

My lawyer on appeal was: Appellate Project
                         (Name and address if known, if none, than write "none")

6.   The decision of the appellate court was ☐ was not ☑ published. If the

answer is that it was published, and I have this information), the decision

is published in:  Was not published
               (Volume number, Washington Appellate Reports or)

                Was not published
             (Washington Reports and page number)

7.   Since my conviction I have ☑ have not ☐ asked a court for some relief from
my sentence other than I have already written above. (If the answer
is that I have asked)

8.   The court I asked was:

The Court of Appeals.

              _____
                  (Name of court or courts in which relief was sought)

Relief was denied ☑ granted ☐ Denied

                  (Date of decision, if more than one, dates of all decisions)

PERSONAL RESTRAINT PETITION PURSUANT TO (RAP 16.3) — Page 2 of 4

1  Grounds and arguments for relief.

2  <u>Issue One</u>:  Right to arraignment.  C.R.R. 4.1 under the Fifth Amendment, do all

3  citizens have a constitutional right, if charged with a crime, to be arraigned on such crime?

4

5  <u>Arguments in Issue One</u>:  Yes, from the start of this case, King County Superior

6  Court case #10-1-10150-7 SEA State of Washington vs. Nancy Lynn Tomlin, there are

7  some ten (10) constitutional provisions bluntly outright disregard for law and/or "civil

8  rights" of the petitioner.  Rights to stand trial under our Sixth Amendment.  See:

9  Armstrong vs. Monzo, 380 US.545.  All citizens must be afforded due process before being

10  deprived of life, liberty or property.

11  A sixth grade student knows the word arraignment and that any and all defendants

12  must be present for the arraignment.  See:  Appendix B-1.  Here this is the petitioner's

13  "sub-heading."  This shows two things.  #1, Ms. Nancy Lynn Tomlin never ever signed her

14  rights to waive her rights to be present.  #2, Court records show that the petitioner, Ms.

15  Nancy Lynn Tomlin, never had any type of arraignment.  See the whole case subheadings

16  in Appendix B-1.

17  Yes, this case is a "crying shame," for a U.S. citizen to be treated as if she was

18  being on trial in a second or third world country.  It is shocking but yes it is true.  See:

19  Bevins vs. Six Unknown Agents, 403 US.388.  When government acts in an

20  unconstitutional manner, they become liable for monetary damages.

21  In this case the judge, Michael J. Trickey, the prosecuting attorney, and Mr.

22  Richey, the court bailiff all should be prosecuted for "civil rights violations" under 18

23  U.S.C. 245.  How can you be found guilty for a crime in which you were never arraigned

24  on?

25  This case must be remanded for a full dismissal based on factors that Ms. Tomlin

26  was never arraigned.

27

28

1      <u>Issue Two</u>:  Rights to "Mistrial."  In 90 days in the State of Washington, under

2    C.R.R. 3.3 following a mistrial since the 1824 case.  Yes, 1824 in United States vs. Perez,

3    the Supreme Court ruled it is not double jeopardy for a prosecutor to retry a defendant

4    after a hung jury.

5

6

7                       CONCLUSION:

8      Based on the facts and arguments in this Personal Restraint Petition under RAP

9    Rule 16.3, the Petitioner NANCY LYNN TOMLIN, prays upon this court based on

10   reasons indicated to:

11       ☐ Vacate my conviction and grant me a new trial.

12       ☑ Vacate my conviction and grant me a full dismissal with prejudice based on

13   factors that no person can stand crime without being first an arraignment for such crime

14   under the Fifth Amendment of the U.S. Constitution.

15

16      I, NANCY LYNN TOMLIN, am over the age of majority and am also a U.S. citizen

17   competent to testify and herein attest under penalty of perjury that all statements herein

18   are the absolute truth.

19

20       Dated this _____ day of September, 2021.

21

22

                       _____

23              Signature

24              NANCY LYNN TOMLIN
                 11625 77TH AVENUE SOUTH

25              SEATTLE, WA 98178
                 206-255-3733

26              E-mail: starlinxglobal@gmail.com

27

28

**PERSONAL RESTRAINT PETITION PURSUANT TO (RAP 16.3) — Page 4 of 4**

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | ) SUPREME COURT NO. |
| Plaintiff/Respondent | ) _____ |
| | ) COURT OF APPEALS NO. |
| v. | ) 83123-2-1 |
| | ) SUPERIOR COURT CASE NO. |
| NANCY TOMLIN, | ) 10-1-10150-7 |
| Defendant/Petitioner, | ) DISCRETIONARY REVIEW OF |
| | ) INTERLOCUTORY DECISION |
| | ) TO THE COURT OF APPEALS |
| | ) DIVISION ONE (RAP RULE 13.5) |

**A.   IDENTIFICATION OF MOVING PARTY (PETITIONER)**

The moving party is the defendant (Petitioner), NANCY TOMLIN.

**B.   RELIEF SOUGHT**

The defendant seeks:

1.      From a 2010 conviction for rape of a child in the first degree, King County Case # 10-1-10150-7 SEA, following a bench trial.

**C.   GROUNDS AND ARGUMENTS**

The Defendant, Nancy Tomlin, will show this court, the Supreme Court of Washington, what was an obvious error by the Court of Appeals, Division One, by ignoring, disregarding, to take notice of a certified copy of Ms. Tomlin's "Case Reports." Yes, here in Appendix B-1, this is overwhelming proof that the Defendant,

DISCRETIONARY REVIEW OF                    -1-
UNDER RAP RULE 13.5

APPENDIX C-1

1   Ms. Nancy Tomlin, did not ever have an arraignment in violation of Washington Court

2   Rules, R.C.W. 3.3 and the U.S. Supreme Court in <u>Hughes vs. Johnson, 191 F3d 607</u> (5th

3   Cir.).

4

5   **D.**     **DECISION BELOW**

6          The Court of Appeals' decision was: An [oral] [written] order denying motion of

7   dismissal made on November 15, 2021 by the Honorable Acting Chief Judge.  (See

8   Appendix A-1 and Appendix B-1.

9

10  **E.**     **ISSUE PRESENTED FOR REVIEW**

11         **1.**      **That the Defendant never had an arraignment?**

12         **2.**      **Did the Court of Appeals commit obvious error? (RAP Rule 16.4 (C)**

13         **3.**      **Did the Court of Appeals' proceeding to a right of fair decision under**

14  **RAP Rule 16.4 (C)?**

15         **4.**      **Did the Court of Appeals' proceeding to the admission of misconduct**

16  **under 16.4 (C) substantially limit the freedom of the defendant to act? RAP 13.5?**

17         **5.**      **Has the Court of Appeals so far departed from the accepted and usual**

18  **course of judicial proceedings as to call for review by the Supreme court? RAP 13.5?**

19

20  **E.**     **FACTS - STATEMENT OF THE CASE**

21         The Defendant, Ms. Nancy Tomlin, has shown proof that the Court of Appeals,

22  Division One, had in their possession the defendant's "Case Report."  See:  Here in

23  Appendix B-1.

24

25

26

27

28

**DISCRETIONARY REVIEW OF**                      -2-
**UNDER RAP RULE 13.5**

1

G.      **CONCLUSION**

2

        Petitioner prays upon this court, based on factors in this Discretionary Review to

3

grant relief herein under RAP RULE 13.5.

4

5

6

        Respectfully submitted this _____ day of November, 2021.

7

8

9

        Under penalty of perjury, that I did mail a copy of this motion to:  The County

10

Prosecutor's Office and to the Court of Appeals Division One.

11

12

                                        _____

13

                                        **NANCY TOMLIN**
                                        **11625 77TH AVENUE SOUTH**

14

                                        **SEATTLE, WA 98178**
                                        **206-255-3733**

15

                                        **STARLINXGLOBAL@GMAIL.COM**

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISCRETIONARY REVIEW OF**                    -3-
**UNDER RAP RULE 13.5**

# RULE 3.4   PRESENCE OF THE DEFENDANT

**(a) When Necessary.**  The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.

**(b) Effect of Voluntary Absence.**  The defendant's voluntary absence after the trial has commenced in his or her presence shall not prevent continuing the trial to and including the return of the verdict.  A corporation may appear by its lawyer for all purposes.  In prosecutions for offenses punishable by fine only, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence.

**(c) Defendant Not Present.**  If in any case the defendant is not present when his or her personal attendance is necessary, the court may order the clerk to issue a bench warrant for the defendant's arrest, which may be served as a warrant of arrest in other cases.

**(d) Video Conference Proceedings.**

(1) *Authorization.*  Preliminary appearances held pursuant to CrR 3.2.1, arraignments held pursuant to