UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NANCY LYNN TOMLIN,

                Petitioner,

   v.

JORDAN JAMES, BOB FERGUSON,

                Respondents.

CASE NO. 2:22-CV-145-BJR-DWC

REPORT AND RECOMMENDATION

Noting Date: October 21, 2022

    The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Nancy Lynn Tomlin, who is proceeding *pro se*, filed her federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 3. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

**I.    Background**

    Petitioner was found guilty of one count of rape of a child in the first degree. Dkt. 20-1, p. 2 (Exhibit 1). On May 3, 2013, she was sentenced to a term of 93 months in confinement followed by life in community custody. *See id.* at pp. 2-12 (Exhibit 1). Petitioner challenged her


conviction and judgment on direct appeal. *See id*. at p. 32 (Exhibit 3). The Court of Appeals of the State of Washington ("state court of appeals") affirmed Petitioner's conviction on March 2, 2015. *Id*. at pp. 14-30 (Exhibit 2). Petitioner did not petition for review in the Washington State Supreme Court ("state supreme court") and, on April 10, 2015, the state court of appeals entered its mandate. *See id*. at p. 42 (Exhibit 6).

Petitioner filed an application for a state collateral attack, a personal restraint petition ("PRP"), on April 11, 2016. Dkt. 20-1, p. 44 (Exhibit 7). The state court of appeals issued a partial dismissal of the PRP and proceeded on one claim. Dkt. 20-2, pp. 211-14 (Exhibit 9). On November 29, 2018, the state court of appeals dismissed the remainder of Petitioner's PRP. Dkt. 20-3, pp. 47-50 (Exhibit 12). Petitioner filed a motion for discretionary review, which the state supreme court denied on April 10, 2019. Dkt. 20-4, pp. 2-33 (Exhibit 12), pp. 35-37 (Exhibit 14). The state court of appeals issued the certificate of finality on July 12, 2019. *Id*. at p. 39 (Exhibit 15).

Petitioner filed a second PRP on September 2, 2021. Dkt. 20-4, pp. 41-64 (Exhibit 16). The state court of appeals dismissed this second PRP on November 1, 2021. *Id*. at pp. 66-68 (Exhibit 17). Petitioner sought discretionary review from the state supreme court and, on January 12, 2022, the state supreme court denied review. *Id*. at pp. 70-102 (Exhibits 18, 19). The state court of appeals issued the certificate of finality on March 4, 2022. *Id.* at p. 104 (Exhibit 20).

On February 3, 2022, Petitioner initiated the above-captioned case by filing her federal Petition. Dkts. 1, 3. On August 11, 2022, Respondents filed an Answer and Memorandum of Authorities, wherein they assert, in part, that the Petition was filed after the limitations period expired. Dkt. 19. Respondents maintain the Petition is therefore time-barred and should be

dismissed with prejudice. *Id*. Petitioner filed a response to the Answer on August 24, 2022. Dkt. 21.

**II. Discussion**

    A. *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a petition for review in the state supreme court must be filed within thirty days after the entry of the decision of the court of appeals. Wash. RAP 13.4(a). Thus, if a petitioner does not file a petition for review, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a direct appeal challenging her convictions and sentence. *See* Dkt. 20-1. The state court of appeals affirmed Petitioner's convictions on March 2, 2015. *Id*. at pp. 14-30; *see also Wixom*, 264 F.3d at 897-98 (holding that, on direct appeal, it is the decision of the court of appeals affirming the conviction, not the issuance of the mandate, that terminates direct review). Petitioner did not file a petition for review in the state supreme court, making her direct

review final on April 1, 2015, the date the time for filing a petition for review expired. *See* Wash. RAP 13(a).

The AEDPA limitations period began running on April 2, 2015. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The limitations period expired one year later, on April 4, 2016.[1] Petitioner filed her first PRP on April 11, 2016, Dkt. 20-1, p. 44 (Exhibit 7); and her second PRP on September 2, 2021, Dkt. 20-4, pp. 41-64 (Exhibit 16). As the PRPs were filed after the expiration of the one-year period, the PRPs did not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Brown v. Curry*, 451 Fed. Appx. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute). Petitioner did not file her Petition until February 3, 2022, which approximately five years and ten months after the limitations period expired.

Petitioner states her Petition is timely filed because her Petition is based on newly discovery evidence that was not available at the time of her direct appeal. Dkts. 3, 21. In her Petition, Petitioner raises only one ground for relief: her Fifth Amendment rights were violated when she was denied an arraignment before her trial. Dkt. 3 at p. 5. Petitioner states her new legal team did not discover this error until 2021. Dkt. 21 at pp. 1-2. She contends that, because her claim is based on newly discovered evidence, the one-year limitations period is exempt. *Id*. at p. 2.

Section 2244(d)(1)(D) provides that the one-year period does not commence until "the date on which the factual predicate of the claim or claims presented could have been discovered

---

[1] The one-year time period expired on Saturday, April 2, 2016, giving Petitioner until Monday, April 4, 2016 to file her PRP. *See* Wash. St. CR 6.

through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). At the time Petitioner began her trial, she was aware or should have been aware that she had not been arraigned. As Petitioner could have discovered the factual predicate of her claim at the time of her criminal trial, the Court is not persuaded by Petitioner's argument that her claim is based on newly discovered evidence and she is entitled to a delayed accrual date under §2244(d)(1)(D). *See Davis v. Franco*, 2013 WL 812715, *4 (C.D. Cal. Feb. 1 ,2013) (finding a delayed accrual date under §2244(d)(1)(D) did not apply where the petitioner's claims were predicated on events that occurred in open court during trial and sentencing, at which he was present).

As Petitioner did not file the Petition within one year of her direct appeal becoming final and her PRPs did not toll the limitations period, the Court finds the Petition is untimely. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal petition is time-barred where state habeas petition is filed after expiration of the statute of limitations).

B. *Equitable Tolling*

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued her rights diligently and "some extraordinary circumstance stood in [her] way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of [her] untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005). Petitioner does not argue she is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented her from filing a timely habeas petition. *See* Dkts. 3, 21. Rather, Petitioner asserts the statute of limitations did not begin until she discovered new evidence. *See* Dkts. 3, 21. Therefore, Petitioner fails to show she is entitled to equitable tolling and the Petition is barred by the § 2244 limitations period.

C. *Conclusion*

For the above-stated reasons, the Court finds the Petition is untimely and should be dismissed. As the Petition is untimely, the Court declines to consider Respondents' argument that the Petition is also unexhausted and procedurally defaulted. *See* Dkt. 19.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

V.   Conclusion

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 21, 2022, as noted in the caption.

Dated this 5th day of October, 2022.

David W. Christel
United States Magistrate Judge