1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9  NANCY LYNN TOMLIN,

10                              Petitioner,

11          v.

12  JORDAN JAMES, BOB FERGUSON,

13                              Respondents.

No.  2:22-cv-00145-BJR-DWC

ORDER ADOPTING REPORT AND
RECOMMENDATION

14

15                    **I.**     **INTRODUCTION**

16          This matter comes before the Court on a Report and Recommendation ("R&R," Dkt. 22)

17  by the Honorable David W. Christel, U.S. Magistrate Judge, that recommends denial of Petitioner

18  Nancy Lynn Tomlin's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §

19  2254.  Petitioner has filed objections ("Obj.," Dkt. 23) and supplemental objections ("Supp. Obj.,"

20  Dkt. 24) to the Report and Recommendation.

21          Having reviewed this matter in light of Petitioner's objections, the Court approves and

22  adopts the Report and Recommendation.  The petition for a writ of habeas corpus is DENIED and

23  this action is DISMISSED with prejudice.  The Court also DENIES a certificate of appealability.

24  The reasons for the Court's decision are set forth below.

25
26

ORDER - 1

## II.    <u>BACKGROUND</u>

The R&R provides a thorough background of this case, which the Court does not repeat here.  In short, Petitioner was found guilty of one count of rape of a child in the first degree, and in May 2013, she was sentenced to a term of 93 months in confinement followed by life in community custody.  Dkt. 20, Ex. 1.  Petitioner appealed, and the Court of Appeals of the State of Washington ("Court of Appeals") affirmed her conviction on March 2, 2015.  *Id.*, Exs. 2-3.  Petitioner did not petition for review in the Washington Supreme Court.

Petitioner filed this petition for a writ of habeas corpus (the "Petition" or "Pet.," Dkt. 3) on February 3, 2022, asserting that her Fifth Amendment rights were violated on account of being denied an arraignment before trial.  Pet. at 2-3, 5.  In the R&R, Magistrate Judge Christel recommended denial of the Petition on the ground that it was untimely filed.  The R&R found, specifically, that given Petitioner's failure to petition the Washington Supreme Court for review of the Court of Appeal's decision, her judgment of conviction became final on April 1, 2015.  R&R at 3-4; *see* Wash. R. App. P. 13.4(a).  Thus, pursuant to the one-year statute of limitations applicable to federal habeas petitions, *see* 28 U.S.C. § 2244(d)(1)(A), the limitations period expired on April 4, 2016,[1] and the Petition was therefore untimely by over five years.  R&R at 4.  Further, the R&R found that Petitioner's filing of two applications for a state collateral attack – each of them a personal restraint petition ("PRP") – did not toll the limitations period because the first of those PRPs was filed on April 11, 2016, after the limitations period had expired.  *Id.* at 4.  The R&R also rejected Petitioner's argument that she is entitled to a delayed claim accrual date based on the discovery of new evidence, finding instead that, at the time of her trial, she "was aware or should have been aware that she had not been arraigned."  *Id.* at 4-5.

---

[1] April 2, 2016 fell on a Saturday.

ORDER - 2

### III.   **DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  Pertinent to the Petition, Section 2244(d)(1) provides that the limitations period shall run from the latest of (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.* §§ 2244(d)(1)(A), (D).  However, the one-year limitations period will be tolled during the time in which a "properly filed application for state post-conviction or other collateral review … is pending."  *Id.* § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005).

**A.**     **Petitioner's Objections to the R&R**

Petitioner contends that the R&R erred in finding that the limitations period had not been tolled, pursuant to 28 U.S.C. § 2244(d)(2), by virtue of her filing the two PRPs.  Supp. Obj. at 2; *see* Dkt. 20-1, Ex. 7.  As noted above, the R&R found that those PRPs did not operate as a toll because the first of them was filed on April 11, 2016, after the limitations period had already expired on April 4, 2016.  *See* R&R at 4.  In response, Petitioner argues – for the first time – that the limitations period was tolled before April 4, 2016 because the Court of Appeals had previously granted her an extension to file the first PRP.  Supp. Obj. at 2.

As an initial matter, there is no evidence that Petitioner sought or was granted the extension she claims to have received.  While she references an October 2016 letter from the Court of Appeals purportedly granting her an extension to file her PRP (*see* Supp. Obj. at 2), that letter – which she submits with her objections – reflects that the *respondent* (the State of Washington) had

ORDER - 3

been granted an extension of time to respond to her PRP. *Id.*, Ex. A at 1. As such, Petitioner's argument is unsupported. In all events, even if Petitioner had filed such a motion prior to the expiration of the limitations period, that filing would not have operated as a toll because it does not, on its own, constitute an "application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); *see Soroka v. Garcia*, No. 02-cv-8563, 2006 WL 8450233, at *5 (C.D. Cal. Feb. 1, 2006) (petitioner's motion for an extension of time to file state court petition did not toll federal habeas limitations period). As such, the PRPs filed by Petitioner did not toll the limitations period.

Accordingly, the Court adopts the R&R's finding that the Petition was untimely filed. The Court therefore dismisses Petitioner's claim with prejudice.

**B.   Additional Grounds for Relief Raised in Petitioner's Objections**

As noted above, the R&R found that Petitioner's Fifth Amendment claim was not based on newly discovered evidence, and that she is therefore not entitled to a delayed accrual date pursuant to 28 U.S.C. § 2244(d)(1)(D). *See* R&R at 4-5. Petitioner does not object to the R&R's finding, and this Court agrees with it. Instead, Petitioner contends that, had Judge Christel held an evidentiary hearing before issuing the R&R, she would have used that opportunity to demonstrate that the denial of the right to an arraignment "was just one of many" constitutional violations that deprived her of a fair trial, and "to present the court with new evidence found in evaluating transcripts and other information not available to her at the time of her case." Obj. at 1-2. In other words, Petitioner contends that there are other claims arising from her trial that are based on facts unknown to her until recently.

Specifically, Petitioner complains about:

ORDER - 4

1.    The trial judge's decision not to recuse himself, and the prosecution's and defense's decision not to request his recusal, after the trial judge stated on the record that his wife was employed by the same public defender's office that was representing Petitioner in a dependency case concerning her son.  Obj. at 2, Ex. A.

2.    The prosecution's efforts to elicit testimony from a witness about Petitioner's character, and the trial judge's decision not to exclude that testimony as inadmissible character evidence.  Obj. at 2.

3.    The trial judge's decision not to permit defense counsel to call certain expert witnesses to testify.  Obj. at 2.

4.    Defense counsel's decision not to call Petitioner's son as a witness.  Obj. at 3.

5.    Defense counsel's decision not to further challenge the trial court's denial of their request for an expert psychological evaluation of Petitioner's son.  Obj. at 3, Ex. B.

None of these issues are raised in the Petition.  While Petitioner does not state in her objections that she is seeking to amend the Petition, the Court will liberally construe her new assertions as a motion to amend in order to add new grounds for relief premised on those issues.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants." (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982))).

Under Rule 15(a) of the Rules of Civil Procedure, a habeas petition may be amended by leave of court.  Fed. R. Civ. P. 15(a)(2); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").  However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Hooper v. Shinn*, No. 08-99024, 2021 WL 70551 (9th Cir. Jan. 8, 2021) (quoting *Bonin v. Calderon*, 59

ORDER - 5

F.3d 815, 846 (9th Cir. 1995) (affirming decision not to grant leave to amend habeas petition adding new claims because "[a]mending the petition to include them would be futile")).

The Court finds that any amendment that sets forth claims premised on the additional issues raised in Petitioner's objections would be futile on the ground that those claims would be untimely asserted. As discussed in the R&R and above, the limitations period applicable to any petition to vacate Petitioner's sentence expired on April 4, 2016, over six years ago. *See* R&R at 3-4; *supra* at 2-4. Moreover, Petitioner would not be entitled to a delayed accrual date under 28 U.S.C. § 2244(d)(1)(D) based on the discovery of new evidence supporting her claims. While she references "new evidence … not available to her at the time of her case" (Obj. at 2), she does not identify what that evidence is. Given that all of these issues relate to decisions or conduct that took place during her trial, which she attended, she would have been aware of the "factual predicate" of any potential claim by the completion of that trial.[2] *See, e.g.*, *Davis v. Franco*, No. 12-cv-2853, 2013 WL 812715, at *4 (C.D. Cal. Feb. 1, 2013) (delayed accrual date under 28 U.S.C. § 2244(d)(1)(D) was inapplicable where claims were predicated on events taking place in open court during trial and sentencing), *report and recommendation adopted*, 2013 WL 812714 (Mar. 4, 2013). Therefore, any claim premised on the additional issues raised in Petitioner's objections would be untimely asserted.

Accordingly, Petitioner's proposed amendment, so construed, is futile. The Court therefore declines to grant her leave to amend the Petition as outlined in her objections.

---

[2] Petitioner's only reference to post-trial events is a news article, published in March 2018, reporting that the King County Prosecuting Attorney's Office had prosecuted individuals for promoting prostitution after having received funding from organizations opposing sex work. Obj. at 3-4, Ex. C. That article, however, does not bear on the issues raised in Petitioner's objections. In all events, even if that article constituted newly discovered evidence supporting a delayed accrual date, the one-year limitations period would have long expired given the article's publication date.

ORDER - 6

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court finds and ORDERS as follows:

(1)    The Court approves and adopts the Report and Recommendation (Dkt. 22).

(2)    Petitioner's petition for a writ of habeas corpus is DENIED and this case is DISMISSED with prejudice.

(3)    Petitioner's motion to amend the Petition, so construed by the Court, is DENIED.

(4)    The Court DENIES a certificate of appealability.

(5)    The Clerk is directed to send copies of this Order to Petitioner, all counsel of record, and the Honorable David W. Christel.

SO ORDERED.

Dated:  December 1, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 7